### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                             Criminal No. 11-cr-85-01-PB

Juan Rosario

### ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on June 16, 2011, for the purpose of determining whether to detain defendant, Juan Rosario, who has been indicted on one count of conspiracy to distribute oxycontin and two counts of distribution of oxycontin.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt;

(3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the

safety of the community.   Among the instances where a presumption

arises is the situation where,

> the judicial officer finds that there is probable cause to
> believe that the person committed an offense for which a
> maximum term of imprisonment of ten years or more is
> prescribed in the Controlled Substances Act (21 U.S.C. 801
> et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes

probable cause to believe that the offenses charged have been

committed and that the defendant has committed them.   Further,

the offenses charged against defendant are ones for which a

maximum term of imprisonment is ten years or more, as prescribed

in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See

United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).

Thus, Section 3142(e)'s rebuttable presumption that "no condition

or combination of conditions will reasonably assure [defendant's]

appearance . . . and the safety of the community . . ." is

triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C.

§ 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157,

162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the

defendant must present evidence which demonstrates that "what is

3

true in general is not true in [his] particular case."  United

States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably,

the burden is one of production, not of persuasion.  Id. at 380-

81.

Here, I find that the defendant fails to rebut the

presumption with regard to risk of flight and danger to the

community.  Specifically, this is a drug crime in which the

testimony of three co-conspirators together with surveillance

evidence are the principal evidence.  That evidence is sufficient

to meet the government's burden.  Defendant is a deportable

foreign national, has court defaults and a history of violence.

His ties to the community do not balance these factors.

The defendant here is precisely the type of individual

Congress envisioned when it established the statutory

presumption.

Aside from the presumption imposed in this case by 18 U.S.C.

§ 3142(e), I am satisfied from the representations offered during

the hearing that no condition or combination of conditions will

reasonably assure the appearance of the defendant.

Upon full consideration of the arguments offered by the

government and defense, I am satisfied that the defendant has not

rebutted with any credible evidence the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

     **SO ORDERED.**

                James R. Muirhead
                United States Magistrate Judge

Date: June 16, 2011

cc:  Robert J. Veiga, Esq.
     Mark E. Howard, Esq.
     U.S. Marshal
     U.S. Probation